**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| FIDENCIO VALDEZ, § | |
|     Plaintiff, § | |
| § | |
| v. § | EP-22-CV-00175-FM-ATB |
| § | |
| JAIME ESPARZA, § | |
|     Defendant, § | |

**REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

On this day, the Court considered the status of the above-styled and numbered cause. The case was assigned to United States District Judge Frank Montalvo and referred to this Court pursuant to the "Standing Referral Order Re: Prisoner and Immigration Detainee Civil Rights Cases" dated April 4, 2016. After due consideration, the Court **RECOMMENDS** that Plaintiff's Complaint should be **DISMISSED WITH PREJUDICE**, for failure to comply with the Court's order and for failure to prosecute.

## I.     BACKGROUND[1]

On October 15, 2021, Plaintiff Fidencio Valdez ("Valdez"), proceeding *pro se*, filed his Complaint without paying a filing fee or filing an application to proceed *in forma pauperis*. (ECF No. 1). In his Complaint, Valdez seeks to bring an "official complaint in the form of attempted murder . . . against [Defendant Esparza] . . . for utilizing the death penalty as a lethal weapon" by bringing a "'fake'-illegal robbery charge . . . to illegally form a capital murder charge against [Valdez] to be eligible for capital punishment." (*Id.* at p. 2).

---

[1] While recounting the factual background, the Court addresses only the facts relevant to the immediate Report and Recommendation.

On May 17, 2022, this case was transferred to the Western District of Texas, El Paso Division from the Eastern District of Texas. (ECF No. 3). Thereafter, on May 17, 2022, this Court entered an Order "that Valdez shall submit the required filing fee **or** an application to proceed *in forma pauperis* and the accompanying documents required by 28 U.S.C. § 1915, including the six-month Inmate Trust Account history, **on or before June 16, 2022**." (ECF No. 5, p. 1) (emphasis in original). To date, Valdez has failed to submit the required filing fee or to file an application to proceed *in forma pauperis*.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or [] comply with these rules or a court order." Fed. R. Civ. P. 41(b). It is "well-settled that the district court may dismiss a case *sua sponte* for failure to prosecute." *Medina v. El Paso Cty. Jail Annex*, No. EP-08-CA-219-FM, 2008 WL 4426575, at *1 n.10 (W.D. Tex. Sept. 24, 2008) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Few v. Rivera*, No. EP-06-CA-348-KC, 2007 WL 1643068, at *1 (W.D. Tex. May 14, 2007) (quoting *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985)) (alteration in original).

"A Rule 41(b) dismissal may be with or without prejudice." *Cabrera v. United States*, No. 3:16-CV-2684-D-BN, 2017 WL 535602, at *2 (N.D. Tex. Jan. 5, 2017) (citing *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996)), *report and recommendation adopted*, No. 3:16-CV-2684-D, 2017 WL 532287 (N.D. Tex. Feb. 9, 2017). However, a dismissal with prejudice is appropriate only if the failure to prosecute was the result of purposeful delay or contumacious conduct and the

imposition of lesser sanctions would be futile. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

While a court should be "appropriately lenient" with a party who is proceeding *pro se*, the "right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

## III. ANALYSIS

### a. Failure to Comply with Court's Order and Failure to Prosecute

Pursuant to Rule 41(b), the Court finds that Valdez failed to comply with the Court's Order and failed to prosecute his case.[2]

First, the Court finds that Valdez failed to comply with the Court's Order. The Court's Order directed "that Valdez shall submit the required filing fee **or** an application to proceed *in forma pauperis* and the accompanying documents required by 28 U.S.C. § 1915, including the six-month Inmate Trust Account history, **on or before June 16, 2022**." (ECF No. 5, p. 1) (emphasis in original). To date, Valdez has not responded to the Court's Order. In this respect, courts routinely hold that the failure to comply with a court order makes dismissal appropriate. *See Perez v. United States*, No. EP-14-CV-283-PRM-8, 2014 WL 10180331, at *2 (W.D. Tex. Aug. 27, 2014); *Few*, 2007 WL 1643068, at *1. Further, while the Court directed Valdez to respond to the Court's Order on or before June 16, 2022 (ECF No. 5, p. 1), the Court has also provided Valdez with numerous additional days to submit the required materials. Therefore, the Court finds that

---

[2] The Court also finds that Valdez's Complaint raises nearly identical claims to a previous action dismissed by this Court pursuant to 28 U.S.C. § 1915(e)(2)(B), for seeking monetary relief against a defendant who is immune from such relief and for failure to state a claim on which relief may be granted. *See Valdez v. Esparza*, EP-21-CV-00275-FM-ATB, 2022 WL 304981 (W.D. Tex. Feb. 2, 2022), *report and recommendation adopted*, EP-21-CV-00275-FM-ATB (W.D. Tex. Mar. 1, 2022) (order adopting report and recommendation).

Valdez has had ample time, opportunity, and warning but has, nevertheless, failed to respond to the Court's Order.  *See Perez*, 2014 WL 10180331, at *1-2 (dismissing the action without prejudice on August 27, 2014, for failure to comply with the Court's orders after ordering plaintiff, on July 24, 2014, to cure deficiencies by August 15, 2014).  As such, the Court finds that Valdez failed to comply with the Court's Order.

Second, the Court finds that Valdez failed to prosecute his claims.  Since the filing of his Complaint without the requisite filing fee or an application to proceed *in forma pauperis*, Valdez has been given notice and the opportunity to remedy the deficiencies in his filings but has refused or declined to do so.  "The court is not required to delay disposition in this case until such time as Plaintiff decides to comply with the requirement of submitting a certified statement of his inmate trust account as required by 28 U.S.C. §1915(a)(2)."  *Winslow v. Charlston Methodist Hosp.*, No. 3:04-CV-1874-B, 2004 WL 2173435, at *1 (N.D. Tex. Sept. 27, 2004), *report and recommendation adopted sub nom*, *Winslow v. Charlston Methodist Police Dep't*, No. 3-04-CV-2008-B, 2004 WL 2347998 (N.D. Tex. Oct. 15, 2004).  Accordingly, the Court finds that Valdez has failed to prosecute his case.  *See id.* (recommending that the action "be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b)"); *see also Alvarado-Garrido v. United States*, No. EP-05-CR-2399-FM, 2008 WL 961038, at *1 (W.D. Tex. Mar. 20, 2008) (dismissing action without prejudice "for failure to comply with the Court's order and failure to prosecute").

      **b.**      **Statute of Limitations Determines Dismissal is with Prejudice**

Because of the operation of the statute of limitations, dismissal for Valdez's failure to comply with the Court's Order and to prosecute his claim operates as a dismissal with prejudice.  *Long*, 77F.3d at 880.

The statute of limitations for a claim brought under § 1983 in Texas is two years because "[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Valdez was convicted by a jury for capital murder on May 30, 2014, over eight years ago, and his conviction and sentence were affirmed by the Court of Criminal Appeals of Texas on June 20, 2018, over four years ago. *See Valdez v. State*, No. AP-77,042, 2018 WL 3046403, at *1 (Tex. Crim. App. June 20, 2018).

A dismissal with prejudice for failure to prosecute is appropriate when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry*, 975 F.2d at 1191.

Here, Valdez filed his Complaint until October 15, 2021, without paying the filing fee or applying to proceed *in forma pauperis*. Therefore, the Court finds that the nine months of inactivity where Valdez failed to file an application to proceed *in forma pauperis* or to pay the necessary filing fee, including two months of inactivity after being ordered to do so, constitutes "'significant periods of total inactivity' that have been held to constitute a clear record of delay." *Morris v. Ocean Systems, Inc.*, 730 F.2d 248, 252 (5th Cir. 1984). The Court also finds that this delay was caused by Valdez himself, since he is proceeding *pro se*. *See Berry*, 975 F.2d at 1191 ("[I]n most cases where this Court has affirmed dismissals with prejudice, we found at least one of three aggravating factors: "*(1) delay caused by [the] plaintiff himself and not his attorney*; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.") (emphasis added) (alteration in original)

Further, the Court finds that lesser sanctions would be futile. First, the Court notes that the instant action was already barred by the statute of limitations at the time Valdez filed his Complaint. *Compare* (ECF No. 1) (Complaint filed on October 15, 2021), *with Valdez v. State*, 2018 WL 3046403, at *1 (convicted by jury on May 30, 2014, and conviction and sentence affirmed on June 20, 2018). The Court also notes that Valdez's Complaint raises nearly identical claims to a previous action dismissed by this Court pursuant to 28 U.S.C. § 1915(e)(2)(B), for seeking monetary relief against a defendant who is immune from such relief and for failure to state a claim on which relief may be granted. *See Valdez v. Esparza*, EP-21-CV-00275-FM-ATB, 2022 WL 304981 (W.D. Tex. Feb. 2, 2022), *report and recommendation adopted*, EP-21-CV-00275-FM-ATB (W.D. Tex. Mar. 1, 2022) (order adopting report and recommendation). Therefore, Valdez's Complaint would also be subject to dismissal due to res judicata and prosecutorial immunity.

Accordingly, the Court recommends that Valdez's Complaint be dismissed with prejudice, since there is a clear record of delay and lesser sanctions would be futile.

## IV.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Valdez's Complaint be **DISMISSED WITH PREJUDICE** for failure to comply with the Court's Order and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**SIGNED** and **ENTERED** this 13th day of July, 2022.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**